In the Matter of the Claim of LEON CRAMER, Respondent, *v.* BARNEY'S CLOTHING STORE et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, January 30, 1962.

*Martin Bergman* and *Charles G. Tierney* for appellants.

*Louis J. Lefkowitz, Attorney-General* (*John J. Quinn* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent.

*Israel, Adler & Ronca* for claimant-respondent.

*Per Curiam.* Appeal by an employer and its insurance carrier from an award for disability caused by myocardial infarction. The board found that claimant " got into an argument with his supervisor with respect to his pay and developed severe chest pain " and that the " weight of the medical evidence indicates that the excitement during the argument, superimposed on the prior [cardiac] pathology caused the infarction."

In his testimony, claimant described the incident allegedly precipitating the heart attack as follows: " I was working * * * and the 27th I believe was pay day. I received the regular work pay. I went over and asked the assistant manager * * * where was my over time pay. I didn't get over time, which happened previously to this * * * [I] asked him why is it I have to fight every time it comes due, and he told me that he didn't know, so I told him I wanted it today, otherwise I was going to put my hat and coat on and was going home, which I did." Asked by his attorney whether he had an " argument ", claimant replied, " That's right "; and when asked how long the " argument " continued, said, " About 20 minutes ". He " continued arguing " for two or three minutes after feeling chest pains; and upon his request for medical assistance an ambulance was summoned and he was taken to a hospital.

Upon such a record we perceive no legally sufficient basis for the board's finding of accident. Certainly there was not the aggravated and prolonged situation of emotional tension existent in *Matter of Klimas* v. *Trans Caribbean Airways* (10 N Y 2d 209). The episode seems to us more nearly within the purview of *Matter of Santacroce* v. *40 W. 20th St.* (9 A D 2d 985, affd. 10 N Y 2d 855) " as neither involving nor inducing emotional strain or tension greater than the countless differences and irritations to which all workers are occasionally subjected without untoward result " nor " so ' exceptional ' as to meet the test imposed by *Matter of Schechter* v. *State Ins. Fund* (6 N Y 2d 506, 510)."

The decision and award should be reversed and the matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board.

BERGAN, P. J. (dissenting). The decision in *Klimas* v. *Trans Caribbean Airways* (10 N Y 2d 209), in my view, requires the abandonment of a rule laid down by this court by *Matter of Santacroce* v. *40 W. 20th St.* (9 A D 2d 985, affd. 10 N Y 2d 855) and by *Matter of Coleman* v. *Guide-Kalkhoff-Burr* (12 A D 2d 554), which follows *Santacroce.*

This rule is that a heart attack induced by excitement and tension of an argument on the job and over an incident of the work, and not induced by any physical effort, is not a compensable industrial accident; and that a finding of the Workmen's Compensation Board that an industrial accident arises on such a state of facts will be reversed.

There is, of course, some distinction between the case now before us and *Klimas*; but it is a distinction of marked subtlety, impracticable of being drawn effectively in the mass of claims coming before the Workmen's Compensation Board for adjudication. If it is to be held generally that great emotional stress resulting from the work inducing a heart attack is an industrial accident, it would be better, on the whole, not to carve out of this general area, cases where the stress is caused by an argument over the work or over the employment. The distinction cannot in justice logically be maintained to the end of the line; and when it gets near the end of the line it becomes one of marked nicety.

In *Klimas* the heart attack was induced because the employer was dissatisfied with the work the employee had been doing, made some disparaging and threatening statements in the employee's presence; and this and the tension involved in correcting the situation of which the employer complained induced

the heart attack. There was no demonstrated physical inducement.

In the case before us the claimant had not been paid the amount of overtime wage he testified it had been agreed he should have; he complained to his superior that the employer had broken its employment agreement with him and threatened to quit the job. The heated argument on this subject with the superior was associated medically with claimant's heart attack.

An emotional strain resulting from an argument with the employer over a condition of the employment seems to me to " arise out of and in the course of employment " and to be close in operative principle to an argument arising over failure to carry out the employer's requirements and the emotional stress in trying to carry them out.

That one stress was caused by a matter of large financial magnitude and the other caused by the amount of an overtime pay check is not significant. The dispute was, indeed, important enough here to cause claimant to tell the employer he would quit the job. The differences are matters of degree. In both instances the job environment and the interaction of the employer-employee relationship in a matter affecting the employment brought on the heart attack. All this lies in the area of fact-finding; and the findings of the board in the case before us go quite as far in the claimant's favor as those in *Klimas*. It cannot be held that an on-job discussion over the terms of the employment is not part of the " work "; such a distinction seems untenable. It thus seems to me better to sustain the board in finding that such an emotional reaction arose from the employment than to continue the distinction we had created in this type of case.

It is true, as Judge FROESSEL noted, in writing for the majority in *Klimas* (10 N Y 2d 209, *supra*) that a number of decisions have held that " undue anxiety, strain and mental stress from work are frequently more devastating than a mere physical injury " and have sustained awards " where no physical impact was present " (p. 213); but the Court of Appeals, as distinguished from this court, seems never before *Klimas* to have held that an award in a heart case would be sustained without also being in some way associated with physical exertion.

On this point Chief Judge DESMOND noted that " every decision in this court affirming a compensation award for a heart disability or death is based on a finding that the heart disease was traumatic in the sense of being caused by physical exertion " (p. 216).

Thus, it seems to me, *Klimas* requires that we take a fresh look at the cases arising from the emotionally induced heart condition caused by arguments on the job; and although our decision in *Santacroce*, decided here before *Klimas* (12 A D 2d 551) was affirmed in the Court of Appeals in point of time after *Klimas*, the impact of *Klimas* was not known in this court when *Santacroce* was decided and the problem has been in something of a state of transition. I would affirm the decision and award of the Workmen's Compensation Board.

Coon, Gibson, Reynolds and Taylor, JJ., concur in *Per Curiam* opinion; Bergan, P. J., dissents and votes to affirm, in opinion.

Decision and award reversed and matter remitted to the Workmen's Compensation Board, with costs to appellants against the Workmen's Compensation Board.